UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01404-SRC |
| | ) | |
| OSTON INVESTMENTS, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

In January 2026, the Court denied without prejudice Valerie West's second motion to proceed *in forma pauperis* because West did not disclose the frequency of her retirement annuity payments. Doc. 7 at 2 (The Court cites to page numbers as assigned by CM/ECF.). The Court therefore ordered West to, no later than February 23, 2026, either pay the full filing fee or file a third IFP motion. *Id*. West has since complied with that order. *See* doc. 8 at 1. Having reviewed West's latest IFP motion, the Court finds that West lacks sufficient funds to pay the filing fee, and grants the motion. *See* 28 U.S.C. § 1915(a)(1). The Court now reviews West's amended complaint, doc. 5, under section 1915(e)(2), and dismisses this case for the reasons discussed below.

## I. Background

West sues Oston Investments, Oston Properties, Kenix Fong, Chan Fong, and three John Doe employees over the alleged wrongful foreclosure of her home at 11451 Las Ladera Drive in Florissant, Missouri. Doc. 5 at 1, 5. She alleges that on or about January 31, 2018, CitiMortgage, Inc. foreclosed on her home and later filed an unlawful detainer action against her in state court. Doc. 5-1 at 1. West alleges that CitiMortgage then sold the property to Oston

Investments in August 2018; CitiMortgage then dismissed the unlawful-detainer action and Oston filed a separate case against West the following month. *Id.* West states that Oston verbally agreed to pause the proceedings but breached that agreement by moving for summary judgment in 2020. *Id.* According to West, Oston prevailed in that action, because West's attorney missed the response deadline. *Id.* And from 2019 to 2020, Oston's agents, in short, repeatedly broke into her home, damaged the property, destroyed and removed her belongings, changed the locks, and denied her reentry—all without a valid writ of execution, West claims. *Id.* at 1–2; *see* doc. 5 at 5. Defendants also allegedly interfered with West's mail and utilities by redirecting her mail and impersonating her to Ameren to remove her contact information and close her account. Doc. 5-1 at 2; *see* doc. 5 at 5. West also alleges that a St. Louis County police officer falsely claimed to have seen eviction paperwork and threatened West with arrest. Doc. 5-1 at 2.

West asserts eleven counts in her amended complaint. *Id.* at 2–3. She invokes federal jurisdiction under 28 U.S.C. §§ 1331 and 1343, and cites as substantive federal law 42 U.S.C. §§ 1982–1983 and 18 U.S.C. §§ 1701–1708. Doc. 5 at 3; doc. 5-1 at 2–3. The remaining counts assert Missouri statutory and common law claims. Doc. 5 at 5; doc. 5-1 at 2–3. West seeks compensatory and punitive damages. Doc. 5 at 5.

## II. Standard

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are]

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must

it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III. Discussion

For the reasons discussed below, the Court finds that West's amended complaint fails to state a claim upon which relief can be granted. And the Court declines to exercise supplemental jurisdiction over West's state-law claims.

### A. Section 1983 claims

West invokes 42 U.S.C. § 1983 in Counts 2 and 10, and separately alleges violations of her Fourth, Fifth, and Fourteenth Amendment rights. Doc. 5-1 at 2–3. Constitutional violations are actionable, if at all, through section 1983. 42 U.S.C. § 1983. Section 1983 provides a private cause of action against a "person" who, acting under color of state law, deprives another of a constitutional or federal right. *West v. Atkins*, 487 U.S. 42, 48–50 (1988). Private conduct—even if wrongful—generally does not give rise to section 1983 liability. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982).

Here, each Defendant appears to be a private actor. *See generally* docs. 5, 5-1. While West sues three John Doe employees, the docket reflects that these defendants are employees of Oston—not state employees. *See* doc. 5-1 at 2 (discussing "Oston's employees"); *see also* doc. 1 at 1 (West's original complaint listing John Doe employees 1–3 as "[e]mployees of Oston Investments [and] Oston Properties[,]" and the Court considers this as "materials that are part of the public record or do not contradict the complaint." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (cleaned up); *see also Goodroad v. Bloomberg*, 129 F.3d 121 (8th Cir. 1997) (applying the Rule 12(b)(6) standard to section 1915)). And West makes no allegations that any defendant is a governmental entity or otherwise acted under color of state law. *See generally*

docs. 5, 5-1; *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

Instead, West alleges that the defendants took possession of her home "without a valid court order or sheriff's writ." Doc. 5 at 5; *see* doc. 5-1 at 2. Although West alleges that an unnamed St. Louis County police officer "falsely claimed" to have eviction paperwork, doc. 5-1 at 2, she does not name that officer as a defendant, nor does she establish Defendants' liability for the officer's conduct. *See White v. Jackson*, 865 F.3d 1064, 1080 (8th Cir. 2017) (noting that section 1983 liability "is personal" and plaintiffs must "show each individual defendant's personal involvement in the alleged violation" to prevail (citations omitted)); *see also Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009) (noting that a plaintiff "must establish that [the defendant] was personally involved in, or directly responsible for" the plaintiff's harm). West also does not allege any joint action between Defendants and the officer sufficient to convert their conduct into state action. *See Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (noting that a private person acts under color of state law for section 1983 purposes when he is a willful participant in joint action with the state or its agents). Accordingly, the Court dismisses West's section 1983 claims under 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Section 1982 claim**

Count 9 alleges a violation of 42 U.S.C. § 1982. Doc. 5-1 at 3. Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. The statute "bars all racial discrimination, private as well as public, in the sale or rental of property." *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413 (1968). To state a claim under section 1982, West must therefore plausibly allege intentional

discrimination on the basis of race. *See Dirden v. Dep't of Hous. & Urb. Dev.*, 86 F.3d 112, 114 (8th Cir. 1996) (noting that claims under section 1982 require a showing of discriminatory intent); *Iqbal*, 556 U.S. at 678–79. But West makes no allegations that any defendant acted on the basis of her race in her property dealings. *See generally* docs. 5, 5-1. West's bare reference to section 1982 does not state a plausible claim to relief. *See Iqbal*, 556 U.S. at 678. And the Court will not supplement unalleged facts. *See Stone*, 364 F.3d at 914–15. The Court therefore dismisses West's section 1982 claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Claims under 18 U.S.C. §§ 1701–1708

Count 5 asserts a claim under 18 U.S.C. §§ 1702 and 1708, and West more broadly cites 18 U.S.C. §§ 1701–1708 as a basis for federal jurisdiction. Doc. 5 at 3; doc. 5-1 at 3. These are criminal statutes governing the obstruction and theft of mail. *See* 18 U.S.C. §§ 1702, 1708. No evidence exists evincing a congressional intent to create a private cause of action under either of these statutes. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (noting that only Congress may create private rights of action); *Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1340 n.20 (9th Cir. 1987) (finding that case law supports the contention that 18 U.S.C. § 1702 does not contain a private right of action); *Wilson v. Eyster*, 731 F. App'x 91, 92 (3d Cir. 2018) (stating that "[section] 1708 does not provide for a private cause of action"); *cf. Wisdom v. First Midwest Bank*, 167 F.3d 402, 407–08 (8th Cir. 1999) (finding no implied private right of action under federal criminal statutes for mail fraud and extortion). Because sections 1701 through 1708 do not authorize a private suit, the Court dismisses these claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. State-law claims**

The remainder of West's amended complaint asserts Missouri statutory and common law claims. Doc. 5-1 at 2–3. Having dismissed West's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see Reeve v. Oliver*, 41 F.3d 381, 383 (8th Cir. 1994) ("In the absence of a federal claim, the district court could not exercise supplemental jurisdiction and properly dismissed [the plaintiff's] remaining state law claims.").

## IV. Conclusion

Accordingly, the Court grants West's [8] motion to proceed *in forma pauperis* and dismisses her federal claims under sections 1982 and 1983 without prejudice and claims under sections 1702 and 1708 with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(c)(3). The Court certifies that an appeal from this dismissal would not be taken in good faith. A separate order of dismissal accompanies this Memorandum and Order.

So ordered this 19th day of August 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE